1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              San Francisco Division

11

12   KARINA ARVIZU,                        Case No. 17-cv-00201-LB

13            Plaintiff,                    **ORDER GRANTING THE PLAINTIFF'S
                                            MOTION TO REMAND AND DENYING
14      v.                                  THE DEFENDANT'S MOTION TO
                                            DISMISS AS MOOT**
15   WAL-MART STORES, INC., et al.,

16            Defendants.                   Re: ECF Nos. 5 & 9

17                      **INTRODUCTION & BACKGROUND**

18       This is an employment dispute between a former employee, Karina Arvizu, and her employer,

19   Wal-Mart.[1] Ms. Arvizu, "a [forty-three] year old Hispanic married mother," worked at Wal-Mart

20   for over twenty-two years.[2] Although she "received positive feedback," "good performance

21   ratings," and "increasing responsibilities" while there, the company fired her on February 22,

22   2016.[3]

23       Before her termination, Ms. Arvizu alleges, "Wal-Mart fostered a discriminatory workplace"

24   where she "was subject to inappropriate race-based comments by management-level employees

25

26   [1] *See generally* Compl. – ECF No. 1 at 11–16. Record citations refer to material in the Electronic Case
     File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.
27   [2] *Id.* ¶ 1.

28   [3] *Id.* ¶¶ 1, 6.

1    and was dissuaded from hiring other minorities, despite their qualifications."[4] She expressed

2    concern about "the discriminatory conduct of Wal-Mart's manager and [she tried] to enforce rules

3    relating to employee and customer safety."[5] But, in retaliation for these efforts, Wal-Mart fired

4    her.[6] Ms. Arvizu alleges that she appealed supervisor Jason Duffy's retaliatory conduct and "asked

5    for an investigation of his behavior and her termination."[7] But that did not happen: "Wal-Mart

6    senior management ratified [Mr.] Duffy's wrongful conduct."[8]

7        Ms. Arvizu therefore sued Wal-Mart and Mr. Duffy in California state court. She brings five

8    claims against Wal-Mart: (1) discrimination in violation of Cal. Gov. Code § 12940; (2) wrongful

9    termination; (3) defamation; (4) violation of Cal. Gov. Code § 12940(k); and (5) wage and hour

10   violations.[9] She also accuses Mr. Duffy of defamation, the only claim against him.[10]

11       Wal-Mart removed the case to federal court.[11] It asserts that this court has diversity jurisdiction

12   because, although Mr. Duffy is a California citizen,[12] Ms. Arvizu inadequately pleads her

13   defamation claim against him and he is therefore a "sham" defendant that should be disregarded

14   for diversity purposes.[13] Wal-Mart accordingly also moves to dismiss the defamation claim against

15   Mr. Duffy.[14] Ms. Arvizu moves to remand the case.[15]

16       The court can decide the matter without oral argument and vacates the hearing on March 2,

17   2017. Civil L.R. 7-1(b). The court grants Ms. Arvizu's motion to remand and denies as moot Wal-

18   Mart's motion to dismiss.

19   _____

20   [4] Id. ¶ 8.

21   [5] Id. ¶ 14.

22   [6] Id.

22   [7] Id.

23   [8] Id.

24   [9] Id. ¶¶ 7–39.

24   [10] Id. ¶¶ 17–20.

25   [11] Notice of Removal – ECF No. 1.

26   [12] Id. ¶ 20; Compl. ¶ 3.

26   [13] Notice of Removal ¶¶ 20–22.

27   [14] Motion to Dismiss – ECF No. 5.

28   [15] Motion to Remand – ECF No. 9.

*United States District Court*
*Northern District of California*

1

**GOVERNING LAW**

2     A defendant in state court may remove an action to federal court if the case could have been

3 filed originally in federal court. 28 U.S.C. § 1441(a). Original jurisdiction may be based on

4 diversity or federal-question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

5 (1987); 28 U.S.C. §§ 1331, 1332. To invoke diversity jurisdiction, the complaint must allege that

6 "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

7 and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

8     Diversity jurisdiction requires "complete diversity of citizenship" — that is, each of the

9 plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess*

10 *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). And an action that otherwise meets the

11 diversity-jurisdiction criteria may not be removed "if any of the parties in interest properly joined

12 and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.

13 § 1441(b)(2). But despite the presence of a non-diverse or resident defendant, removal is proper

14 when that defendant was fraudulently joined. *See McCabe v. Gen. Foods*, 811 F.2d 1336, 1339

15 (9th Cir. 1987). If a plaintiff "fails to state a cause of action against a resident defendant, and the

16 failure is obvious according to the settled rules of the state, the joinder of the resident defendant is

17 fraudulent." *Id.*

18     There is, however, a presumption against fraudulent joinder, and a defendant who asserts it

19 "carr[ies] [a] heavy burden of persuasion." *Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI,

20 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d

21 108, 111 (3d Cir. 1990)). "Indeed, [a defendant] must show to 'a near certainty' that joinder was

22 fraudulent and that 'plaintiff has *no actual intention to prosecute* an action against [that] particular

23 resident defendant[]." *Osorio v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2

24 (N.D. Cal. June 5, 2012) (quoting *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal.

25 1998) (emphasis in original) (citing *Boyer*, 913 F.2d at 111)); *see also Lewis v. Time, Inc.*, 83

26 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

27     A non-diverse defendant will be deemed fraudulently joined if, after all disputed questions of

28 fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the

*United States District Court*
*Northern District of California*

plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir. 1989). A removing defendant must therefore do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (citing *Nickelberry v. DaimlerChrysler Corp.*, No. C-06-1002 MMC, 2006 WL 997391, at *1–*2 (N.D. Cal. Apr. 17, 2006)). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris*, 2006 WL 2038040 at *2) (alteration in original).

To meet its burden, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.

## ANALYSIS

The parties filed competing motions: Ms. Arvizu's motion to remand and Wal-Mart's motion to dismiss. The court first considers Ms. Arvizu's motion because it goes to federal subject-matter jurisdiction, a threshold inquiry.

The issue in that motion is whether Wal-Mart has shown that Ms. Arvizu fraudulently joined Mr. Duffy, a California resident. To do so, Wal-Mart argues that (1) Ms. Arvizu fails to state a defamation claim against Mr. Duffy, and (2) the alleged defamatory statement is privileged. The court addresses each argument in turn.

### 1. The Viability of Ms. Arvizu's Defamation Claim

Ms. Arvizu brings a defamation claim based on compelled self-publication.[16] To state a claim for defamation, a plaintiff must allege facts showing "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). A "publication" is a

---

[16] Compl. ¶¶ 17–20.

United States District Court
Northern District of California

"communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made." *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000). The originator of a defamatory statement is not normally liable for damage caused by the defamed person's communication of the statement to others. *Ellis v. Starbucks Corp.*, No. 15-cv-3451-PJH, 2015 WL 8293965, at *5 (N.D. Cal. Dec. 9, 2015) (citing *Shoemaker v. Friedberg*, 80 Cal. App. 2d 911, 916 (1947)). But under the "compelled self-publication" exception, self-publication "may be imputed to the originator of the statement if the person [defamed] is 'operating under a strong compulsion to republish the defamatory statement and the circumstances that create the strong compulsion are known to the originator of the alleged defamatory statement at the time it was made.'" *Id.* (quoting *Davis v. Consol. Freightways*, 29 Cal. App. 4th 354, 373 (1994)); *see also McKinney v. Cnty. of Santa Clara*, 110 Cal. App. 3d 787, 795, 798 (1980). "This exception has been limited to a narrow class of cases, usually where a plaintiff is compelled to republish the statements in aid of disproving them." *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1285 (1991).

In *Umamoto v. Insphere Insurance Solutions, Inc.*, the employee-plaintiff did not fraudulently assert a defamation claim against a non-diverse manager-defendant. No. 13-CV-0475-LHK, 2013 WL 2084475 (N.D. Cal. May 14, 2013). There, the plaintiff previously worked for the defendant-company. *Id.* at *1. Among other things, the plaintiff asserted a defamation claim based on compelled self-publication against an individual company manager. *Id.* at *3. The plaintiff alleged that "[the company] stated they were terminating [her] 'due to performance'" and that the plaintiff was "compelled to disclose the content of the defamatory statements . . . during subsequent applications and interviews for new employment." *Id.* As alleged, the plaintiff's claim against the manager was likely to fail because "[the company] [was] alleged to have been 'the originator' of the statement," not the manager. *Id.* at *4. But "[i]t [was] possible that [the manager] was involved in [the plaintiff's] termination and was responsible for the statement." *Id.* at *5. Indeed, the defendant "was [the company's] 'Zone Manager' for California, the state in which [the plaintiff] operated," and was involved in a co-plaintiff's termination. *Id.* Because the defendants "offered no evidence from which it may be determined that [the manager] was not responsible for the

1  [defamatory] statement," a court was likely to grant leave to amend and the manager was not a

2  fraudulent defendant. *Id.*

3      Here, like *Umamoto*, Ms. Arvizu's defamation claim against Mr. Duffy is likely to fail as pled.

4  She alleges that she "was falsely accused of gross misconduct, including retaliation and/or

5  discrimination against other employees."[17] She asserts that this statement, made by "Defendants,"

6  was false, unprivileged, and "directly impugned [her] character and honesty."[18] And she asserts

7  that she was "forced to republish certain of these defamatory statements to third parties outside of

8  Wal-Mart."[19]

9      For at least two reasons, these allegations alone are insufficient to state a claim against Mr.

10  Duffy. First, Ms. Arvizu does not allege facts plausibly supporting a claim for compelled self-

11  publication. She does not, for example, allege to whom she was forced to communicate the

12  statement. That is an important factor, *see Estrada v. Wal-Mart Stores, Inc.*, No. 16-cv-04091-LB,

13  2016 WL 5846977, at *10 (N.D. Cal. Oct. 6, 2016); and her assertion that she was forced to

14  republish "certain of these defamatory statements to third parties outside Wal-Mart" is not

15  sufficient.[20] But this deficiency could be cured on amendment if, for example, Ms. Arvizu was

16  forced to republish the defamatory statement to "explain the grounds for [her] termination to

17  potential employers." *See Howerton v. Earthgrains Baking Cos., Inc.*, No. 1:13-CV-1397 AWI

18  SMS, 2014 WL 2767399, at *2 (E.D. Cal. June 18, 2014); *Live Oak Publ'g*, 234 Cal. App. 3d at

19  1287.

20      Second, the complaint's allegations against Mr. Duffy are few and far between; she does not

21  even assert that Mr. Duffy made the allegedly defamatory statement. But the few allegations

22  involving him — he is a supervisor and Market Manager;[21] she "appealed the retaliatory actions

23  undertaken by [Mr.] Duffy and asked for an investigation of his behavior and her termination";

24

25  [17] Compl. ¶ 18.

26  [18] *Id.* ¶ 19.

27  [19] *Id.*

    [20] *Id.*

28  [21] *Id.* ¶ 3.

and "Wal-Mart senior management ratified [his] wrongful conduct"[22] — support the conclusion that he was involved in her termination and was responsible for the defamatory statement. And the defendants have not offered evidence to the contrary.

The court therefore concludes that, although Ms. Arvizu inadequately pleads a defamation claim against Mr. Duffy, leave to amend would be proper. The defendants have no shown that, under California law, she could not possibly recover against Mr. Duffy.

The cases that the defendants cite do not change this outcome.[23] *See, e.g.*, *Toth v. Guardian Indus. Corp.*, No. 1:12cv0001 LJO DLB, 2012 WL 468244 (E.D. Cal. Feb. 13, 2012); *Roland-Warren v. Sunrise Senior Living, Inc.*, No. 09 CV 1199 JM (WMc), 2009 WL 2406356 (S.D. Cal. Aug. 4, 2009). Both of those cases addressed fraudulent joinder under a standard more akin to a Rule 12(b)(6) motion to dismiss, denying the plaintiffs' motions to remand where they merely "failed to state a claim" against the non-diverse defendant. *Toth*, 2012 WL 468244 at *5; *Roland-Warren*, 2009 WL 2406356 at *8. But the question is whether the plaintiff could possibly recover against the party whose joinder is questioned. *See* Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Federa. Civ. Pro. Before Trial § 2:2467 (The Rutter Group 2016) ("Courts do not apply even a Rule 12(b)(6) motion to dismiss standard in which the claim must be 'plausible' on its face. Rather, the standard is whether there is 'any possibility' the complaint stated a cause of action.") (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011)). Ms. Arvizu could possibly recover against Mr. Duffy under California defamation laws. And the defendants' cases "rejected the possibility that the plaintiff would be able to correct the deficiencies in the defamation allegations by filing an amended complaint." *Morales v. Gruma Corp.*, No. CV 13-7341(CAS) (FFMx), 2013 WL 6018040, at *6 (C.D. Cal. Nov. 12, 2013) (citing *Toth*, 2012 WL 468244 at *5; *Roland-Warren*, 2009 WL 2406356 at *8). But it is the defendants' burden to "show[] that the plaintiff 'would not be afforded leave to amend [her] complaint to cure [the]

---

[22] *Id.* ¶ 14.

[23] *See* Opposition to Motion to Remand – ECF No. 20 at 13–14.

purported deficiency.'" *Padilla*, 697 F. Supp. 2d at 1159 (quoting *Burris*, 2006 WL 2038040 at
*2). They have not done so in this case.

### 2. The Common Interest Privilege Defense

Wal-Mart asserts that "[e]ven if [Ms. Arvizu] could allege facts sufficient to support
defamation against [Mr.] Duffy, she would still not be able to escape application of the common
interest privilege."[24]

California Civil Code section 47(c) creates a qualified privilege for any communication made
"without malice, to a person interested therein . . . by one who is also interested." "'Parties in a
business or contractual relationship have the requisite 'common interest' for the privilege to
apply.'" *Umamoto*, 2013 WL 2084475 at *5 (quoting *King v. United Parcel Serv., Inc.*, 152 Cal.
App. 4th 426, 440 (2007)). A plaintiff may defeat the privilege by showing that the defendant
acted with malice. *See Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1368 (2003). The
plaintiff must demonstrate "actual malice" by showing that either: (1) "the publication was
motivated by hatred or ill will towards the plaintiff," or (2) "the defendant lacked reasonable
grounds for belief in the truth of the publication and therefore acted in reckless disregard of the
plaintiff's rights." *Id.* at 1370. "Mere allegations that the statements were made 'with malice' or
with 'no reason to believe the statements were true' are insufficient to rebut the presumption of
privilege." *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992). And
"malice is not inferred from the communication itself." *Noel*, 113 Cal. App. 4th at 1370.

In *Umamoto*, the common-interest privilege did not render the individual manager a "sham
defendant." 2013 WL 2084475 at *5–*6. The employee-plaintiff there alleged that she "was
terminated due to performance even though [she] was 'consistently ranked #1 nationally
throughout the company in sales' and had 'earned approximately 129 awards [and] accolades.'"
*Id.* at *6. The company also fired the plaintiff "just two months after her husband [and co-plaintiff]
filed a sexual harassment complaint against [the manager-defendant] and [the manager] sent [her

---

[24] *Id.* at 12.

United States District Court
Northern District of California

husband] an email terminating him." *Id.* Based on these allegations, it was "possible that the Superior Court would find that Plaintiffs' allegations [were] sufficient to show malice" and, even if not, the deficiencies were not so obvious as to render the defamation claim fraudulent. *Id.* The court therefore remanded the case. *Id.*

Here, as in *Umamoto*, the common-interest privilege does not render fraudulent Ms. Arvizu's defamation claim. As in *Umamoto*, she alleges that she had a history of success while employed at Wal-Mart: she worked there for over twenty-two years and, throughout her time there, she "received positive feedback and good performance ratings, along with increasing responsibilities."[25] And as in *Umamoto*, the allegations surrounding the circumstances of her termination may indicate malice: she "was subject to inappropriate race-based comments by management-level employees and was dissuaded from hiring other minorities"; she expressed concern "about the discriminatory conduct of Wal-Mart's manager" and tried to "enforce rules relating to employee and customer safety" but was ultimately fired for doing so; and she "appealed the retaliatory actions undertaken by [Mr.] Duffy and asked for an investigation of his behavior and her termination," but that never happened.[26] These allegations give some support to the conclusion that the defamatory statement — that she engaged in "gross misconduct, including retaliation and/or discrimination against other employees" — was motivated by malice. And even if a court concluded that these allegations were insufficient, the deficiencies would likely be cured by amendment and do not indicate fraudulent joinder.

\*     \*     \*

In sum, Wal-Mart has not satisfied its burden of demonstrating that Ms. Arvizu fraudulently joined Mr. Duffy in her defamation claim. Because Mr. Duffy is a California citizen, the court is without subject-matter jurisdiction and remands the case to the Superior Court for the County of Alameda.

---

[25] Compl. ¶¶ 1, 6.

[26] *Id.* ¶¶ 8, 14.

United States District Court
Northern District of California

### 3.   Attorney's Fees

Ms. Arvizu requests attorney's fees and costs incurred as a result of Wal-Mart's removal.[27] A defendant who removes a case improperly may be sanctioned under Rule 11 and 28 U.S.C. § 1447. In particular, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Awarding fees in this situation is discretionary, and they may be awarded only if such an award is "just." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Thus, "when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, Wal-Mart, although not ultimately successful, had an objectively reasonable basis for removing the case based on *Toth* and *Roland-Warren. See Morales*, 2013 WL 6018040 at *6 (denying attorney's fees where defendant removed the case based on *Toth* and *Roland-Warren*). The court therefore denies Ms. Arvizu's request for attorney's fees and costs.

### CONCLUSION

The court grants Ms. Arvizu's motion and remands the case to the Superior Court for the County of Alameda. The court denies Wal-Mart's motion to dismiss as moot.

**IT IS SO ORDERED.**

Dated: February 27, 2017

LAUREL BEELER
United States Magistrate Judge

---

[27] *See* Motion to Remand at 6–8.